ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

EDWARD K. BERNATAVICIUS (#024174)
Trial Attorney
230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706
Phone: (602) 682-2608
FAX:   (602) 514-7270

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>D & E DAIRY FARMS, LLC,<br><br>Debtor<br>_____<br>In re:<br><br>DANIEL NOWLIN FARMS GENRAL PARTNERSHIP,<br><br>Debtor<br>_____<br>In re:<br><br>DANIEL NOWLIN AND ELAINE NOWLIN,<br><br>Debtors. | In Proceedings under Chapter 11<br><br>Case No. 4:14-bk-16069-BMW<br><br>Case No. 4:14-bk-16072-BMW<br><br>Case No. 4-14-bk-16073-BMW<br><br>Jointly Administered Cases<br><br>**UNITED STATES TRUSTEE'S RESPONSE AND OBJECTION TO THE DEBTORS' MOTION TO OBTAIN EMERGENCY AND FURTHER POST-PETITION FINANCING.**<br><br>**Hearing Date:  November 6, 2014**<br><br>**Hearing Time:  1:45 p.m.**<br><br>**Location: Tucson, Courtroom 446**<br>**        Phoenix, (video) 301** |

The United States Trustee for the District of Arizona, Region 14 ("UST"), by and through her undersigned counsel, hereby files her Response and Objection to Debtors' Motion to Obtain Emergency and Further Post-Petition Financing Pursuant to 11U.S.C. § 364(c) and 11 U.S.C. § 105 ("Post-petition Financing Motion") filed by the above-captioned debtors and debtors-in-possession in these jointly administered cases. Although the Post-petition Financing Motion is filed by the Debtors, the financing sought is on behalf of and for the benefit of Daniel Nowlin Farms General Partnership ("DNF").  The Debtors seek the following Post-petition financing for the benefit of DNF:

1.   Authorizing the borrowing of up to $100,000 in post-petition financing from secured creditor Milky Way Dairy, LLC ("Milky Way"), on an emergency basis to pay planting expenses for the oat crop that is now being planted, with such financing to be secured by an assignment of the oat crop to Milky Way;

2.   Authorizing the further borrowing of up to $400,000 from Milky Way to pay the lease payments due December 15, 2014 on leased farmland used to grow the oat crop, with such financing to be secured by an assignment of the oat crop; and

3.   Authorizing Debtor D&E to advance post-petition dairy income to Debtor DNF for ongoing working capital needs.

See, Dkt. # 33, page 2, lines 3 -10.

The UST discussed the Post-petition Financing Motion with Debtors' counsel prior to filing this Objection. The UST makes the following response and objection to the Post-petition Financing Motion:

I.   **The Milky Way Loan**. The Debtors "are in the process of finalizing post-petition financing agreements with secured creditor Milky Way . . . *subject to final terms acceptable to the Lender.*" See, Dkt. # 33, page 3, lines 3 -5. As such, there are no credit agreements attached to Post-petition Financing Motion and final terms appear to subject to negotiation. The UST objects to any Final Orders being entered on the proposed Milky Way loan. It also appears that the Debtors are only seeking "preliminary approval of the post-petition financing and the Court to set further hearings on final approval of the post-petition financing." Id. at page 1, lines 10 -12.

Generally, the UST does not object to an interim order for the post-petition financing for DNF to obtain credit from Milky Way in an amount necessary to pay planting expenses for the oat crop. This interim amount should be determined only to the extent necessary to avoid the immediate and irreparable harm to the estate pending a final hearing in accordance with Fed. R. Bankr. P. 4001 (c)(2). However, without the financing agreements, and adequate time for review by the parties, the Debtors must show the immediate need and irreparable harm by waiting until a final hearing. The Debtors must

- 2 -

also show with specificity which expenses must be paid within this interim period to avoid irreparable harm to DNF.

The further borrowing of up to $400,000.00 from Milky Way to pay the lease payments on the leased farmland used to grow the oat crop is not due until December 15, 2014. This lease payment is not immediately due and does not appear to represent an immediate threat or would cause irreparable harm to the estate if not granted on the expedited return date for this hearing.

The Debtors are attempting to finalize the credit agreement with Milky Way allowing for the post-petition borrowing of up to $500,000.00 ($100,000 + $400,000) the proposed or finalized credit agreement is not attached to the Post-Petition Financing Motion and is subject to final terms acceptable to the lender. The UST requests that before any final order is entered, the Court require the Debtors to file the proposed credit agreement with the Court and serve it on the parties in the case. Fed. R. Bankr. P. 4001(c)(1)(A). This should be done prior to a final hearing with appropriate time for all parties to review and comment on any financing agreement.

II. **D&E advances of post-petition dairy income to DNF**.

The UST objects to D&E advancing Post-petition dairy income to DNF on interim basis and should be subject to a final hearing for the following reasons:

1) D&E Dairy and DNF have yet to file Schedules and Statements in their respective cases. The Debtors should file their Schedules and Statements in order to accurately assess the true creditor body of each Debtor. Given that the relief requested by the Debtors necessarily requires a transfer of estate property from one Debtor estate to another Debtor estate, the Court should require an accurate assessment of the creditor body of Debtor (which includes the filing of Schedules and Statements) and the impact on the effected creditor body before estate property is transferred and pending a final hearing.

2) The Post-petition Financing Motion asserts ". . . DNF will need advances from D&E's milk proceeds to cover ongoing working capital needs, including for labor, water, fertilizer and fuel expenses until crops are harvested." See, Dkt. # 33, page 5, lines 11 – 13.

- 3 -

3) The Debtors have also filed a <u>Supplement to Motion to Obtain Emergency and Further Post-Petition Financing Pursuant to 11 U.S.C. § 364(C) and 11U.S.C § 105</u> ("Supplement"). The Supplement states DNF seeks authority to borrow and D&E to lend up to "$231,000 from D&E's milk proceeds in November 2014 and up to $149,000 from D&E's milk proceeds in December 2014, to be used in DNF's farming operations. These amounts are subject to change and may be updated at the hearing on the Motion as the budgets for DNF are further refined." <u>See, Dkt. # 52, page 2, lines 13-16</u>.

4) Although the Supplement assists in knowing the overall costs involved, the UST requests DNF provide either a financing agreement or budgeted expenses detailing the list of expenses, the cost of each expense and the timing of each expense. The UST does not believe that it is solely sufficient for Keegan Linscott & Kenon to account for all feed, commodities, and farming all farming expenses during the loan period (<u>Id. at lines 15 -17</u>), so that proper repayment can be made at harvest time. The expense, cost and timing of payment should be known and disclosed to the Court and to the parties prior to any final approval of this arrangement.

5) The UST would also like clarification as to when this "loan" obligation matures. It appears the "Upon harvest of oat crop." <u>Id. at lines 13 – 14</u>. If the harvest of the oat crop triggers the maturity date of finance arrangement between D&E Dairy and DNF the Debtors should clarify anticipated timing of the harvesting of the oat crop by DNF. <u>Fed. R. Bankr. P. 4001(c)(1)(B)</u>. The UST expects that this will be clearly delineated in a proposed financing agreement or budget between the D&E Dairy and DNF.

If the Court considers granting an interim funding arrangement between D&E and DNF, the UST Trustee requests that it only be granted to the extent necessary to avoid the immediate and irreparable harm to the estate pending a final hearing in accordance with Fed. R. Bankr. P. 4001 (c)(2).

The Court should set a final hearing and require Schedules and Statements filed prior to the hearing along with a credit agreement, budget or both as outlined above. The UST notes the Debtors' statement in the Supplement that "there is significant overlap in the creditor body of D&E and of DNF." See, Dkt. # 52, page 3, line 18. This may turn out to be true, but the filing and review of Schedules and Statements prior to a final hearing is most appropriate.

If the Court determines that such a funding arrangement is ultimately appropriate, any amount allowed at a final hearing should not exceed the remaining estimated value of oat crop. In other words, D&E should not advance funds to DNF that cannot be repaid based upon the anticipated value of its assigned security. Although the Debtors estimate the value of the harvested oat crop at $900,000, over half of that value ($500,000) may be secured by assignment to Milky Way. As of the Supplement it appears that the total amount requested ($380,000) will be just under the $400,000 remaining value.

II. **Reservation of Rights**.

The UST reserves her rights to supplement this response at the hearing or through any separate or supplemental responses as information becomes known and at any future interim or final hearings.

RESPECTFULLY SUBMITTED this 5th day of November, 2014.

ILENE J. LASHINSKY
United States Trustee
District of Arizona


 /s/ EKB (# 024174)
Edward K. Bernatavicius
Trial Attorney

| | |
|---|---|
| 1 | Copy of the foregoing e-mailed<br>November 5, 2014 to: |
| 2 | |
| 3 | Mesch, Clark & Rothschild, P.C.<br>Michael W. McGrath |
| 4 | David Hindman<br>Isaac D. Rothschild |
| 5 | 259 North Meyer Avenue<br>Tucson, Arizona 85701 |
| 6 | Phone (520) 624-8886<br>Email – mmcgrath@mcrazlaw.com |
| 7 | dhindman@mcrazlaw.com<br>irothschild@mcrazlaw.com |
| 8 | Counsel for the Debtors |
| 9 | Lewis Roca Rothgerber LLP<br>Robert M. Charles, Jr. |
| 10 | One South Church Avenue, Suite 700<br>Tucson, AZ 85701-1611 |
| 11 | (520) 629-4427<br>Email – rcharles@lrrlaw.com |
| 12 | Attorneys for Farm Credit Services Southwest |
| 13 | Freeman Huber law<br>Shelton L. Freeman |
| 14 | 6909 East Main Street<br>Scottsdale, AZ 85251 |
| 15 | (480) 398-3100<br>E-mail – tfreeman@fhlawaz.com |
| 16 | Attorneys for Anthony and Serrano, Beau Joseph and Kristin Serrano |
| 17 | Cross Law Firm, P.L.C.<br>James E. Cross |
| 18 | 1850 N. Central Avenue, Suite 1150<br>Phoenix, AZ 85004 |
| 19 | (602) 412-4422<br>E-mail – jcross@crossbcs.com |
| 20 | Attorney for Linda Johnson |
| 21 | Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C.<br>Steven M. Cox |
| 22 | Williams Center, Eighth Floor<br>5210 E. Williams Circle |
| 23 | Tucson, AZ 85711<br>(520) 745-7806 |
| 24 | E-mail – smcox@wechv.com<br>Attorneys for Dennis Nowlin, Jr. |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

- 6 -

Case 4:14-bk-16069-BMW    Doc 54    Filed 11/05/14    Entered 11/05/14 10:22:43    Desc
Main Document    Page 6 of 7

1 | Forrester & Worth, PLLC
  | S. Cary Forrester
2 | 3636 North Central Avenue, Suite 700
  | Phoenix, AZ 85012
3 | (602) 271-4250
  | E-mail – scf@forresterandworth.com
4 | Attorneys for Alice L. Johnson-McKinney and Becky Denise Johnson-Cecil

- 7 -