MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax:    (520) 798-1037
Email: mmcgrath@mcrazlaw.com
       dhindman@mcrazlaw.com
By:    Michael McGrath, # 6019
       David J. Hindman, # 24704
       70066-2/gc
Proposed Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| ☒ D&E DAIRY FARMS, LLC, | No. 4:14-bk-16069-BMW |
| Debtor. | No. 4:14-bk-16072-BMW<br>No. 4:14-bk-16073-BMW |
| In re: | (Jointly Administered) |
| ☒ DANIEL NOWLIN FARMS GENERAL PARTNERSHIP, | |
| Debtor. | |
| In re: | |
| ☐ DANIEL NOWLIN AND ELAINE NOWLIN, | |
| Debtors. | |
| This Filing Applies to:<br>☐ All Debtors<br>☒ Specified Debtors | |

**ORDER ON EMERGENCY POST-PETITION FINANCING**

On October 30, 2014, D&E Dairy Farms, LLC ("**D&E**") and Daniel Nowlin Farms General Partnership ("**Farms**")—collectively the ("**Debtors**")—filed a *Motion to Obtain Emergency and Post-Petition Financing Pursuant to 11 U.S.C. §364(c) and 11 U.S.C. §105 (DE #33)* (the "Emergency Motion"). The Emergency Motion was supported by a) *Declaration of Daniel Nowlin in Support of Motion to Obtain Emergency and Post-Petition Financing Pursuant to 11 U.S.C. §364(c) and 11 U.S.C. §105.* (Exhibit "A"). On Friday, October 31, 2014, a *Notice of Expedited Hearing on Accelerated Notice with Respect to Motion to Obtain Emergency and Further Post-Petition Financing (DE #42)* was provided to interested parties as is reflected in a *Certificate of Service (DE #43)*.

On November 5, 2014, there was filed a *Debtors' Supplement to Motion to Obtain Emergency and Further Post-Petition Financing (DE #52)*. On November 5, 2014, objections were filed by the Office of the United States Trustee (DE #54) and by Farm Credit Services Southwest ("Farm Credit") (DE #55). On November 6, 2014, a hearing was held on an expedited basis to consider the Emergency Motion, the filed objections, and the arguments of the parties and their respective counsel.

Based solely upon the testimony of Daniel Nowlin and the representations of Debtors' Counsel, and the entire record in this case, the Court finds and concludes on an interim basis as follows:

1. The amount of debt to be incurred by **Farms** according to the Farm budget attached hereto as Exhibit A is in the amount of $453,646.98 through the end of December, 2014. **D&E** will be authorized to make advances pursuant to the budget for the watering and harvesting of an oat crop that has been planted on land leased to **Farms**, including payrolls, equipment, payments, and fuel. A portion of the oat crop is projected to be sold to **D&E** in the last week of December 2014 in the approximate amount of $75,000, the proceeds of which will be used to repay the **D&E** loan to **Farms**. The total amount of

$453,646.98 is subject to final hearing. For purposes of this order, amounts loaned to DNF will be an amount necessary to avoid immediate and irreparable harm to DNF up to the time of the final hearing and in accordance with the cash flow budget attached hereto as Exhibit A,

2. The amount to be advanced by Milky Way Dairies, LLC to **Farms** is in the approximate amount of $100,000, which advances are also for planting, fertilizing, watering and harvesting an oat crop, a portion of which oat crop is projected to be sold to Milky Way in the last week of December 2014 in the approximate amount of $175,000 in order to repay these advances.

3. The advances by Milky Way are essentially a pre-payment for a portion of the oat crop, which when delivered satisfy the "loan" advances made to **Farms**.

4. The following assertions are based upon the 25 year experience of Daniel Nowlin, the Principal of **D&E** and **Farms** and his relationship in recent years with Milky Way. The oat crop results in a first cutting in the final week of December with an estimated value of $250,000. A second cutting is expected to be conducted on or about February 1, 2015 and should produce oats valued at approximately $250,000. A third cutting is expected to occur around March 15, 2015, again generating a harvest value of $250,000. A final cutting occurs at the end of April or in early May and produces oats valued at approximately $250,000. The pricing for the oats is "in the field" meaning that the purchaser of the oats is responsible for their harvesting and delivery. Approximately 75% of the oats will be delivered to Milky Way Dairy, with 25% of the crop being provided to **D&E**.

5. **D&E** and **Farms** have historically been operated as a single business. Milk proceeds have been taken from its lockbox by Farm Credit and used to capitalize the business of **Farms**, with crops harvested from **Farms** being

used to supply the Dairy. This practice has been continued over the years and with the acquiescence and oversight of Farm Credit, because Debtors allege it has been profitable for the joint enterprises of **D&E** and **Farms**.

6. There is an immediate need for the funding of the **Farms'** oat crop, which if not made, will result in irreparable harm in that the **Farms'** leased fields sitting fallow, crops in the ground going to waste, and will result in a shortage of critical feed for the **D&E** cows.

7. The Milky Way loan to **Farms** will be in amounts needed for rent on the leased properties identified on Exhibit B attached hereto, which rent is due in the amounts and on those dates set forth on the Exhibit. These amounts are not authorized by this order and are subject to final hearing.

8. The Debtors have provided sufficient factual justification for the Court to conclude that the loans to be received by **Farms** and the loan to be extended by **D&E** to **Farms** are an appropriate exercise of the Debtors' business judgment.

9. The advances to Daniel Nowlin Farms shall be permitted so that Debtor can continue its operations in conformance with the preliminary cash flow budget attached hereto as Exhibit A.

10. That the financing sought is in the best interests of these Estates. Accordingly,

**IT IS ORDERED** that the Emergency Motion is granted on an interim basis and subject to final hearing so as to allow **Farms** to accept advances from Milky Way Dairy to be repaid with the delivery of harvested oats to Milky Way.

**IT IS FURTHER ORDERED** that the Motion is granted on an interim basis and subject to final hearing so as to permit **D&E** to lend to **Farms** funds of not more than $453,646.98 as reflected on the Exhibit A budget, which funds shall be repaid in part by the

projected December 2014 delivery of harvested oats to **D&E**. Any specific advances shall be authorized pursuant to the *Interim Order for Emergency Use of Cash and for Adequate Protection.*

**IT IS FURTHER ORDERED** that the amount of the loans to be extended by D&E Dairy Farms to Daniel Nowlin Farms shall not exceed an amount necessary to avoid immediate and irreparable harm to **DNF** up to the time of the final hearing and in accordance with the cash flow budget attached hereto as Exhibit A, unless additional advances are authorized by this Court's Order or the stipulation of Farm Credit Services Southwest.

**IT IS FURTHER ORDERED** that the loans from **D&E** shall be repaid as administrative expenses of **DNF**.

**IT IS FURTHER ORDERED** that Farm Credit shall have a lien in products, profits, and proceeds of the funds lent by **D&E** to the same validity, priority, and extent as Farm Credit's pre-petition and post-petition liens in **D&E**'s milk proceeds.

**IT IS FURTHER ORDERED** that the Debtors and their representatives are to file with the Court and serve on the United States Trustee, Farm Credit and any other party in interest the necessary financing agreements documenting the loan and advances between **Farms** and Milky Way at least one week prior to the final hearing.

**IT IS FURTHER ORDERED** that the Debtors and their representatives are to file with the Court and serve on the United States Trustee, Farm Credit and any other party in interest a detailed list of creditors for **Farms** and **D&E** at least one week prior to the final hearing.

**IT IS FURTHER ORDERED** that the United States Trustee's, Farm Credit's and any other party in interest's rights are reserved to further respond or object to the post-petition financing arrangements proposed in Debtors' Emergency Motion and this Order

upon review of submitted information required by this Order or any other information that becomes available prior to the final hearing.

**IT IS FINALLY ORDERED** that a continued and final hearing will be held on the Debtors' request to borrow funds from Milky Way Dairy to finance lease payments due beginning December 15, 2014 on the leases of the **Farms**. The Debtors shall provide notice of said continued hearing in conformance with this Court's direction.

**DATED AND SIGNED ABOVE**

21O6331