MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: mmcgrath@mcrazlaw.com

By: Michael McGrath, # 6019
    70066-2 mbt

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>D&E DAIRY FARMS, LLC,<br><br>   Debtor. | Chapter 11 Proceedings<br><br>No. 4:14-bk- 16069-BMW<br>No. 4:14-bk- 16072-BMW<br>No. 4:14-bk- 16073-BMW |
| In re:<br><br>DANIEL NOWLIN FARMS<br>GENERAL PARTNERSHIP,<br><br>   Debtor. | (Jointly Administered) |
| In re:<br><br>DANIEL NOWLIN AND ELAINE NOWLIN,<br><br>   Debtors. | **APPLICATION FOR RULE 2004 PRODUCTION OF DOCUMENTS AND NON-UNIFORM INTERROGATORIES FROM FARM CREDIT SERVICES SOUTHWEST** |
| This Filing Applies to:<br>■   All Debtors<br>    Specified Debtors | |

The above-referenced Debtors, by and through counsel undersigned, hereby apply for an order of this Court pursuant to Rule 2004, *Federal Rules of Bankruptcy Procedure*, to have Farm Credit Services Southwest ("Farm Credit") answer in writing and under oath, the following non-uniform interrogatories set forth in Exhibit A within 30 days of service of the Order requiring the answers to the non-uniform interrogatories. In addition, you are required to produce for inspection and copying, those items listed on the attached Exhibit B which are in your possession, custody and control within 30 days of service of the Order requiring the production of the documents.

To avoid inconvenience, Farm Credit may mail or deliver the requested documents to Mesch, Clark & Rothschild, P.C., Attn: Isaac D. Rothschild, 259 North Meyer Avenue, Tucson, AZ 85701, so as to be received no later than 30 days of service of the Order requiring the production.

DATED December 3, 2014.   MESCH, CLARK & ROTHSCHILD, P.C.

By  s/Isaac D. Rothschild, #25726
    Michael McGrath
    David J. Hindman
    Isaac D. Rothschild
    Attorneys for Debtors

Copy e-mailed December 3, 2014 to:

Robert M. Charles, Jr.
LEWIS ROCA ROTHGERBER LLP
RCharles@LRRLaw.com
*Attorneys for Farm Credit Services Southwest*

Edward Bernatavicius, Trial Attorney
OFFICE OF THE UNITED STATES TRUSTEE
Edward.K.Bernatavicius@usdoj.gov

    s/Tammy L. Dahl
    21R0058

# EXHIBIT A

# INSTRUCTIONS FOR USE ON ANSWERS TO INTERROGATORIES

1. All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees or other representatives of the named party and his attorneys.

2. Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

3. Where the terms "claimant" or "class" are used, they are meant to include every individual party, and separate answers should be given for each person or entity as a party.

4. A space has been provided on the form of interrogatories for your answer. Complete all copies, send a notice of service serving a copy upon each party, retaining a copy in your file. Attach a verification and certificate of mailing.

5. In the event the space provided is not sufficient for your answer to any of the questions, please attach a separate sheet of paper, copy the interrogatory in full and supply the answer thereto.

These interrogatories are intended as continuing interrogatories, requiring you to answer by supplemental answer, setting forth any information within the scope of the interrogatories as may be acquired by you, your agents, attorneys or representatives following your original answers.

**INTERROGATORIES**

1. Identify all loans by loan number that D&E Dairy Farms, LLC is obligated on and the amounts owed on each loan on the following dates:
   a) October 24, 2014;
   b) July 26, 2014;
   c) October 25, 2013;
   d) October 25, 2012; and

e) October 25, 2010.

2. Identify all payments made on the loans listed in response to Interrogatory #1, and to which loan payments were applied and the portion of each payment applied to interest and the portion applied to principal and the interest rate being charged on the loan at the time of application.

3. An accounting of the D&E Dairy Farms, LLC loan activity with Farm Credit Services Southwest.

   a) The amounts owed by D&E Dairy Farms, LLC to Farm Credit Services Southwest as of October 24, 2014.

   b) The total of all payments received by Farm Credit Services Southwest applied to the debt of D&E Dairy Farms, LLC between July 26, 2014 and October 24, 2014.

   c) The total of all payments received by Farm Credit Services Southwest applied to the debt of D&E Dairy Farms, LLC between October 25, 2013 and October 24, 2014.

      d)      The total of all payments received by Farm Credit Services Southwest applied to the debt of D&E Dairy Farms, LLC between October 25, 2012 and October 24, 2014.

      e)      The total of all payments received by Farm Credit Services Southwest applied to the debt of D&E Dairy Farms, LLC between October 25, 2010 and October 24, 2014.

4. Identify all loans by loan number that Daniel Nowlin Farms Partnership is obligated on and the amounts owed on each loan on the following dates:

      a)      October 24, 2014;

      b)      July 26, 2014;

      c)      October 25, 2013;

      d)      October 25, 2012; and

      e)      October 25, 2010.

5. Identify all payments made on the loans listed in response to Interrogatory #4, and to which loan payments were applied and the portion of each payment applied to interest and the portion applied to principal and the interest rate being charged on the loan at the time of application.

6. An accounting of the Daniel Nowlin Farms General Partnership loan activity with Farm Credit Services Southwest.

   a) The amount owed by Daniel Nowlin Farms General Partnership to Farm Credit Services Southwest as of October 24, 2014.

   b) The total of all payments received by Farm Credit Services Southwest applied to the debt of Daniel Nowlin Farms General Partnership between July 26, 2014 and October 24, 2014.

   c) The total of all payments received by Farm Credit Services Southwest applied to the debt of Daniel Nowlin Farms General Partnership between October 25, 2013 and October 24, 2014.

   d) The total of all payments received by Farm Credit Services Southwest applied to the debt of Daniel Nowlin Farms General Partnership between October 25, 2012 and October 24, 2014.

   e) The total of all payments received by Farm Credit Services Southwest applied to the debt of Daniel Nowlin Farms General Partnership between October 25, 2010 and October 24, 2014.

7. Identify all loans by loan number that Daniel and Elaine Nowlin are obligated on and the amounts owed on each loan on the following dates:

   a) October 24, 2014;

   b) July 26, 2014;

   c) October 25, 2013;

   d) October 25, 2012; and

   e) October 25, 2010.

8. Identify all payments made on the loans listed in response to Interrogatory #7, and to which loan payments were applied and the portion of each payment applied to interest and the portion applied to principal and the interest rate being charged on the loan at the time of application.

9. An accounting of the Daniel and Elaine Nowlin loan activity with Farm Credit Services Southwest.

   a) The amounts owed by Daniel and Elaine Nowlin to Farm Credit Services Southwest as of October 24, 2014.

   b) The total of all payments received by Farm Credit Services Southwest applied to the debt of Daniel and Elaine Nowlin between July 26, 2014 and October 24, 2014.

   c)  The total of all payments received by Farm Credit Services Southwest applied to the debt of Daniel and Elaine Nowlin between October 25, 2013 and October 24, 2014.

   d)  The total of all payments received by Farm Credit Services Southwest applied to the debt of Daniel and Elaine Nowlin between October 25, 2012 and October 24, 2014.

   e)  The total of all payments received by Farm Credit Services Southwest applied to the debt of Daniel and Elaine Nowlin between October 25, 2010 and October 24, 2014.

10. An accounting for the proceeds from the application from any property sold by any of the following entities or individuals and an accounting of the proceeds of any advances made by Farm Credit Services Southwest to any of the following entities or individuals:

  a. Daniel or Elaine Nowlin;

  b. Daniel Nowlin Farms Partnership;

  c. D&E Dairy Farms, LLC;

  d. J&K Dairy Farms, LLC;

  e. Joharra, LLC

  f. Haddad Farms, LLC

  g. Atlas Farms, LLC

h. Toby Farrow;

i. Toby Farrow Farms;

j. Robin Nowlin;

k. Denny Nowlin;

l. Alice Johnson-McKinney;

m. Linda Johnson;

n. Tony or Lynn Serrano;

o. Beau Joseph ("Joe") or Kristen Serrano;

p. Alyssa Nowlin;

q. Becky Johnson-Cecil;

r. Nick Lagusis;

s. Matt Phelps;

t. Richard Phelps;

u. Brett Hale;

v. Kelly Haddad; or

w. Any entity owned in whole or more than 20% ownership by any of the above named individuals or their trusts including Keltic Pride, LLC and 7 Circles, LLC

11. An accounting of the application of all milk proceeds received by Farm Credit Services Southwest from United Dairymen of Arizona on behalf of D&E Dairy Farms, LLC, J&K Dairy Farms, LLC, and/or Joharra Dairy Farms, LLC.

a) For any distribution of milk proceeds that was made to an entity or individual other than D&E Dairy Farms, LLC, J&K Dairy Farms, LLC, and/or Joharra Dairy Farms, LLC, total all

payments made to that individual or entity for the following time periods:

    (1)    October 25, 2013 and October 24, 2014;

    (2)    October 25, 2012 and October 24, 2014; and

    (3)    October 25, 2010 and October 24, 2014.

# EXHIBIT B

# DEFINITIONS

**"Document"** shall mean all written, reported, recorded, electronically stored information including metadata, or graphic matter, however produced or reproduced, within the meaning of Rule 34 of the *Federal Rules of Civil Procedure*, now or at any time in your possession, custody or control, or that of your agents, attorneys or representatives, including, without limitation, correspondence, memoranda, interoffice communications, written notes, telegrams, minutes of directors' or committee meetings, reports, stenographers' notebooks, calendars, appointment books, diaries, time sheets, data sheets, computer printouts, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of accounts, journals, posting records, vouchers, any statements which reflect any payments or receipts of cash, drafts, notes, checks, bank checks, negotiable instruments, signature cards, certificates of deposit, letters of credit, passbooks, balance sheets, financial statements, profit and loss statements, escrow agreements, powers of attorney, stop payment orders, insurance policies, charge slips, account reports, receipts, working papers, charts, graphs, indices, statistical records, statements, papers, bids, estimates, tapes and records of all types, microfilms, studies, books, pamphlets, schedules, and any preliminary drafts of any of the aforementioned categories of documents, photographic prints, transparencies, moving pictures, voice recording, and every other device or medium on which or through which information of any type is transmitted, recorded or preserved. The term "document" also means a copy where

the original is not in your possession, custody or control and every copy and/or draft of a document if such copy is not an identical duplicate of the original. Without limiting the term "control" as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, or public or private entity, having possession or custody thereof.

The conjunctions "**and**" and "**or**" shall each be individually interpreted in every instance as meaning **"and/or"** and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

"**All Documents"** refers to every document, whether an original or copy, known to any individual or business organization to which this request is addressed, or to any officer, director, managing agent, file supervisor, or record keeper for such individual or organization, and every document which can be located or discovered by such persons through reasonably diligent efforts.

**"Bank"** means Farm Credit in its role as a Lender under any loan document or any of the Debtors' Obligations (as defined below).

**"Communications"** means any: (i) Document dispatched, effected, delivered, transmitted by any means or mode (including, without limitation, facsimile, electronic email, hand delivery or other modes of mail delivery) (including but not limited to e-mail, letters, memorandum, reports or notes) used to exchange thoughts, ideas, concepts, dates,

messages or information or record or (ii) verbal transmission to which there is a report or record (i.e. telephone logs or calendared appointments).

**"Debtors"** refers to D&E Dairy Farms, LLC, Daniel Nowlin Farms General Partnership, and Daniel and Elaine Nowlin

If you are aware of the existence of any document requested, which you are unable to locate, please provide the following information:

- ▸ The identity of each such document;
- ▸ The last known location of each such document;
- ▸ The full name, position, and business address of each person or persons in charge of custody or in control of each such document; and
- ▸ The reason or reasons for your inability to locate each such document.

Unless you have specified the existence of a document that you cannot produce, it will be understood that you have produced all documents of the nature specified herein of which you are aware and that there exist no other documents of the nature specified herein which could be located or produced through the exercise of due diligence.

If any document requested was at one time in existence but is no longer in existence, please specify for each such document:

- ▸ The type of document no longer in existence;
- ▸ The information contained in such document;
- ▸ The date upon which it ceased to exist;
- ▸ The circumstances under which it ceased to exist; and
- ▸ The identity of the person or persons having knowledge of the circumstance under which it ceased to exist.

1   These requests for production of documents are continuing requests.  If, after
2   producing the documents requested herein, you obtain or find further documents responsive
3   to these requests, you are required to produce to the Debtors such additional documents.

4   If any document designated below cannot be produced by you in full, you are
5   requested to produce each such document to the extent possible, to specify the reason for
6   your inability to produce the remainder of each such document, and to state whatever
7   information, knowledge, or belief you have concerning the substance of the contents of any
8   document not produced in whole or in part.

9   With respect to each document produced, you are requested to designate the
10  paragraph of these requests to which each such document is responsive.

11  If, in response to any requests, there are documents or tangible items requested which
12  are not produced because of a claim of privilege or for any other reason, note such failure to
13  produce as an objection to the request, identify the documents as to which the privilege is
14  claimed, state the basis for such objection, and comply with the request to the extent to
15  which it is not subject to the objection.

# EXHIBIT B

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Any and all documents relied upon in answering the interrogatories propounded by the Debtors.

2. Transaction history/ledger, including all payments or charges for all of the Debtors' loans with Farm Credit.

3. Transaction history/ledger showing any proceeds received from United Dairymen of Arizona from milk produced by D&E Dairy Farms, LLC, J&K Dairy Farms, LLC, and/or Joharra Dairy Farms, LLC.

4. Transaction history/ledger showing any distributions made from proceeds received from United Dairymen of Arizona from milk produced by D&E Dairy Farms, LLC, J&K Dairy Farms, LLC, and/or Joharra Dairy Farms, LLC.

5. Transaction history/ledger showing any distributions made from proceeds received from the sale of any of the assets of Keltic Pride, LLC or 7 Circles, LLC.

6. All records that you have in your control that show the application of proceeds from the sale of any assets or loan proceeds of the Debtors, including but not limited to crops, milk, lines of credit, to pay any third parties.

7. Any valuations, appraisals, or opinions of values in your records of the Debtors' property from January 1, 2009 until present.

21R0058.DOCX